CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 21 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MALCOLM MUHAMMAD, | ) | Civil Action No. 7:15-cv-00008 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LT. FLEMING, et al., | ) | By:   Hon. Jackson L. Kiser |
|    Defendants. | ) |        Senior United States District Judge |

Malcolm Muhammad, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983 by no earlier than January 5, 2015. At the onset of the action, the court permitted Plaintiff to apply to proceed in forma pauperis but advised Plaintiff that such permission would be rescinded if Plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

Upon review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See Muhammad v. C/O Smith, No. 7:13-cv-00578, slip op. at 1 (W.D. Va. Mar. 14, 2014) (dismissed with prejudice for failing to state a claim), aff'd, No. 14-7052, slip. op. at 2 (4th Cir. Nov. 18, 2014); Muhammad v. Ulep, No. 1:14-cv-00055, slip op. at 1 (E.D. Va. Apr. 10, 2014) (dismissed with prejudice for failing to state a claim), aff'd, No. 14-6612, slip op. at 2 (4th Cir. Aug. 22, 2014); Muhammad v. Clarke, No. 7:14-cv-00424, slip op. at 1 (W.D. Va. Oct. 20, 2014) (dismissed as frivolous); see also Coleman v. Tollefson, No. 13-1333, 2015 U.S. LEXIS 3201, at *8-9, 2015 WL 2340838, at *3-4 (May 18, 2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Accordingly, I dismiss the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint and dismiss all pending motions as moot. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis). I will reconsider the dismissal if the $400 filing fee is paid in full within twenty-one days.

ENTER: This 21st day of May, 2015.

                                                     /s/ Jackson L. Kiser
                                                   Senior United States District Judge

Case 7:15-cv-00008-JLK-RSB Document 41 Filed 05/21/15 Page 2 of 2 Pageid#: 237